cise it when there has been negligence on the part of the party seeking the relief. That a judgment is final and conclusive of the right or thing which is adjudicated by it is the rule, and judgments and decrees of a competent court will not be annulled for a suspicion of fraud, or because the party complaining may in fact have been unjustly cast in judgment. *Smith* v. *Nelson,* 62 N. Y., at page 288. It would impair the sanctity of judgments, and the faith we repose in them, if they could be set aside in equity upon grounds available upon mere motion, addressed to the courts which rendered them. Those courts should have the opportunity of vindicating their own honor and the integrity of their proceedings. Where they are powerless to do it, it is time enough for equity to tender its aid. It is settled law (with few exceptions, which do not apply here) that false testimony given by a party in an action at law is not ground for equitable relief in chancery. *U. S.* v. *Throckmorton,* 98 U. S. 61; *Mayor* v. *Brady,* 115 N. Y. 599, 22 N. E. Rep. 237; *Smith* v. *Nelson,* 62 N. Y. 286; *Same* v. *Lowry,* 1 Johns. Ch. 320. There must be a conviction before even a new trial on the ground of perjury will be granted, (*Holtz* v. *Schmidt,* 44 N. Y. Super. Ct. 327,) and no conviction has been had here. Judgments and decrees obtained by fraud or imposition may undoubtedly be annulled in equity, but not by parties to the record who were before the court and heard respecting the matters complained of. Though the plaintiff was not actually a party to the record, his assignee, with his knowledge and approval, was. The plaintiff and the defendant were witnesses, and disagreed as to the material facts, the former testifying one way, and the latter the other; and for this conflict (not unusual in the trial of a cause) the plaintiff seeks a new trial of the issues by a cancellation of the judgment, on the ground that his testimony was true, and that of the defendant false. As no reported case has gone to the extent of affording a disappointed suitor relief in equity on any such ground, it is unnecessary to discuss the special cases or peculiar circumstances under which equitable relief has sometimes been awarded, for they have no application to the case presented. The frauds in those cases were extrinsic or collateral to the matter tried. The issues here have been tried at law, and cannot be retried in equity. For these reasons, and without considering the other grounds of demurrer, it is evident the complaint does not state a cause of action, and that the defendant is entitled to judgment on the demurrer, with costs."

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

A. E. Woodruff, in pro. per. David Leventritt, for respondent.

PER CURIAM. The judgment should be affirmed, with costs, upon the opinion of the learned judge at special term.

---

### POTTER *v.* NEW YORK CENT. & H. R. R. CO.

*(Superior Court of New York City, General Term. July 5, 1892.)*

NEGLIGENCE—CAUSING DEATH—CIRCUMSTANTIAL EVIDENCE.

To sustain an action for damages for death, as caused by defendant's negligence, the essential facts of negligence on defendant's part and of freedom from negligence of the deceased may be proved by showing circumstances from which the existence of those facts may fairly and logically be inferred. If the inferences from the circumstances shown are not certain and incontrovertible, the question is one for the jury.

Appeal from trial term.

Action by Nellie Potter, administratrix of John Potter, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, entered on the verdict of a jury, and from an order denying a motion by defendant on the minutes for a new trial, defendant appeals. Affirmed.

The opinion of MCADAM, J., refusing a motion for a new trial, was as follows: "John Potter, a car inspector in the defendant's employ, was inspect-

ing certain of its cars, when a train of other cars, propelled by two engines, suddenly switched backward onto the middle track, pushing together the cars between which he was at work, crushing him to death. He had no warning. The court sent the question of negligence to the jury, and they awarded his widow and administratrix' $5,000 damages. The defendant insists that it was error not to nonsuit the plaintiff, and cites *Besel* v. *Railroad Co.*, 70 N. Y. 171, to sustain its claim. Whether the defendant performed its duty to its employe was, on the evidence, and the inference to be drawn from it, a question for the jury.. *Abel* v. *President*, 103 N. Y. 581, 9 N. E. Rep. 325; 128 N. Y. 662, 28 N. E. Rep. 663. The jury was properly instructed as to the law, and their verdict on the facts is sufficiently supported by the proofs. True, it was incumbent on the plaintiff to show affirmatively that the negligence of the defendant was the sole cause of death. But it was unnecessary to do this by positive and direct evidence of negligence of the defendant and of freedom from negligence of the deceased. The proofs may be indirect, and the evidence had by showing circumstances from which the inference is fairly and logically to be drawn that these essential facts existed. When, from the circumstances shown, inferences are to be drawn which are not certain and incontrovertible, and may be differently made by different minds, the question is one for the jury. See note to *Buesching* v. *Gaslight Co.*, 39 Amer. Rep., at page 513; *Hays* v. *Miller*, 70 N. Y. 112; *Powell* v. *Powell*, 71 N. Y. 71; *Hart* v. *Railroad Co.*, 80 N. Y. 622; *Ochsenbein* v. *Shapley*, 85 N. Y., at page 224. The inferences to be drawn from the evidence were sufficient to warrant the jury in finding that the defendant had not given reasonable protection to its employe while in the performance of his work, and that its breach of duty and negligence resulted in his death. The motion for a new trial must be denied. Forty days' stay of execution after notice of entry of judgment, and a like time to make a case."

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Frank Loomis*, for appellant.    *Abram Kling*, for respondent.

PER CURIAM.  For the reasons set forth in the opinion of the court below the judgment and order appealed from are affirmed, with costs.

---

## ZAHM v. DOPP.

### (Superior Court of Buffalo, General Term. July 8, 1892.)

1. EJECTMENT—EVIDENCE OF TITLE—COMMON GRANTOR.

   By recorded deed, May 18, 1863, H. B. and wife conveyed land in dispute to defendant, from whom, by mesne conveyances, defendant's husband became owner. He devised to defendant a life interest.  By recorded deed, July 8, 1853, J. S. and wife conveyed to W. A. C., from whom, by mesne conveyances, title vested June, 1869, in H. B., who took possession and occupied it, but conveyed to plaintiff before suit.  *Held*, in an action of ejectment, that, as both parties derived title from a common grantor, plaintiff was not compelled to trace his record title to the state, and a verdict in his favor was authorized.

2. SAME—POSSESSION UNDER ADVERSE CLAIM.

   The jury was authorized to find that H. B. had actual possession of the land when he conveyed, and his grant was not repugnant to 4 Rev. St. (6th Ed.) p. 2453, § 147, providing that "any grant of land shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of any person claiming under title adverse to that of the grantors."

Appeal from trial term.

Ejectment by John F. Zahm against Emilie F. Dopp.  From a judgment entered on a verdict in favor of plaintiff, defendant appeals.  Affirmed.

Argued before HATCH and WHITE, JJ.

*Frank F. Williams*, for appellant.    *George Clinton*, (*John G. Cloak*, of counsel,) for respondent.

HATCH, J.  The undisputed facts in this case are these:  By warranty deed bearing date May 18, 1863, and recorded May 20th the same year, Henry